# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| WILLIAM NEVILLE BARLOW | ) |
| A/K/A WILLIAM N. BARLOW | ) |
| | ) CASE No. 16-61374 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| NEW PENN FINANCIAL, LLC D/B/A | ) |
| SHELLPOINT MORTGAGE | ) |
| SERVICING | ) |
| | ) |
| Movant | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM NEVILLE BARLOW | ) |
| A/K/A WILLIAM N. BARLOW | ) |
| | ) |
| AND | ) |
| | ) |
| HERBERT L. BESKIN, TRUSTEE | ) |
| | ) FILED PURSUANT TO 11 U.S.C |
| Defendants. | ) SECTION 362 |

## MOTION SEEKING RELIEF FROM STAY

Comes now New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (the "Movant"), a secured creditor, by Counsel, and moves this Honorable United States

---

Ricahrd A. Lash
Virginia Bar No. 25723
BUONASSISSI, HENNING & LASH
A Professional Corporation
1861 Wiehle Avenue, Suite 300
Reston, Virginia 20190
Phone (703) 796-1341, ext. 1104
Fax (703) 796-9383
e-mail: rlash@bhlpc.com
*Counsel for Movant*

1

Bankruptcy Court for Relief from the Stay imposed by 11 U.S.C. Section 362(a) , and in support thereof, state as follows:

1. That this Motion is filed pursuant to 11 U.S.C. Section 362(d) and Rules 4001 and 9014 of the Bankruptcy Rules, as hereinafter shall more fully appear.

2. That the Creditor is a secured creditor of the Debtor, whose claim is based upon a certain Note dated April 17, 2007 in the principal amount of $187,200.00 and executed by William Neville Barlow a/k/a William N. Barlow (the "Debtor"), the Debtor herein. The total amount due, including the unpaid principal balance of $169,369.75 due under said Note as of February 17, 2017, interest of $10,203.83 at the Note rate, late charges and attorney's fees and costs and fees owed to and by the borrower was approximately $186,641.51.  A copy of an estimated payoff statement is attached hereto, marked as Exhibit A, as is a copy of the said Note, marked as Exhibit B.  Repayment of said Note is secured by that certain Deed of Trust dated April 17, 2007 and recorded on April 17, 2007 as Instrument # 003277450015 among the land records of Albemarle County, Virginia, by which the subject property located at 285 Windfield Circle, Charlottesville, VA 22902 (the "Property') and which is more particularly described in the Deed of Trust as:

> All that certain lot or parcel of land, with improvements thereon and appurtenances thereunto belonging, situated in Albemarle County, Virginia, designated as Lot 13, Block A, on a plat (revised) of Oak Hill of record in the Clerk's Office of the Circuit Court of Albemarle County, Virginia, in Deed Book 396, page 291;   BEING the same property in all respects conveyed to William N. Barlow, by deed from Keith Edwin Lewis, dated April 10, 2007, and recorded immediately prior hereto.

was conveyed to Quinto & Wilks, Trustee. A copy of said Deed of Trust is attached hereto, marked as Exhibit B-1, and expressly made a part hereof.

3.  That on July 8, 2016, the United States Bankruptcy Court for the Western District of Virginia entered an Order for Relief under 11 U.S.C. Chapter 13 upon a petition filed by William Neville Barlow, Case No. 16-61374.

4.  That the Debtor has failed to make post-petition payments to the undersigned, for the lien, and is therefore in default, post-petition, as of February 17, 2017, as follows:

| | |
|---|---:|
| 09/01/2016 – 02/01/2017<br>6 regular monthly payments @ $968.42 each | $5,810.52 |
| Less unapplied | (17.43) |
| Estimated attorney's fees ($850.00) and costs ($181.00) for representation in this proceeding | $1,031.00 |
| **TOTAL** | **$6,824.09** |

A copy of the post-petition payment history is attached hereto, marked as Exhibit C, and expressly made a part hereof.

5.  That by reason of the foregoing, the Creditor lacks adequate protection for its security interest and is, and continues to be, irreparably harmed by the continuation of stay of 11 U.S.C. Section 362(a) and that therefore cause exists for the termination thereof.

6.  That Schedule D of the Debtor's schedules states that the subject property has a current value of $171,900.00 (Docket No. 12), which indicates that in the event of a forced sale, there would not be any excess equity after the payment of the administrative costs of sale, the liens on the property, any exemptions of the Debtor and any co-obligor share, for the benefit of the other creditors of the estate and, therefore, cause exists for the lifting of the Stay of 11 U.S.C. Section 362(a).

7.  That upon entry of an Order terminating the stay of 11 U.S.C. Section 362(a), the Creditor should be free to take such actions with respect to the subject property as are set forth under applicable non-bankruptcy law (i.e. modification, short sale and other loss

mitigation options), and should be relieved from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c).

New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing reserves the right to foreclose. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

WHEREFORE, the Creditor respectfully moves this Honorable United States Bankruptcy Court for entry of an Order (i) granting it, its successors and/or assigns relief from the stay of 11 U.S.C. Sections 362(a) so that the undersigned may proceed to enforce its security interest in the subject property by instituting or continuing foreclosure proceedings against the subject property in state court, (ii) allowing it to take such other actions with respect to the subject property as are set forth under applicable non-bankruptcy law, (i.e. modification, short sale and other mitigation options), (iii) allowing the successful purchaser at the foreclosure sale to obtain possession of the subject property, (iv) relieving it, its successors and/or assigns from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c), and (v) that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

## **NOTICE OF INTENT TO SUBMIT BUSINESS RECORDS**

The Movant will submit business records as evidence at any scheduled hearing, as allowed under Fed. R. Bankr. P. 9017 and FRE 902(11). These business records and the

declaration of their maintenance as business records are available for inspection by the adverse party upon demand.

## **NOTICE**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant. Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.**

**You will be notified separately of the hearing date on the motion.**

                                                        NEW PENN FINANCIAL, LLC D/B/A
                                                       SHELLPOINT MORTGAGE SERVICING

                                                       By: /s/Richard A. Lash
                                                           Richard A. Lash
                                                           Virginia Bar No. 25723
                                                           BUONASSISSI, HENNING & LASH
                                                           A Professional Corporation
                                                           1861 Wiehle Avenue, Suite 300
                                                           Reston, Virginia 20190
                                                           Phone (703) 796-1341, ext. 1104
                                                           Fax (703) 796-9383
                                                           E-mail: RLash@bhlpc.com
                                                           *Counsel for New Penn Financial, LLC*
                                                           *d/b/a Shellpoint Mortgage Servicing*

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2017, a true copy of the foregoing Motion Seeking Relief from Stay was mailed, postage prepaid, to:

| | | |
|---|---|---|
| William N. Barlow<br>285 Windfield Circle<br>Charlottesville, VA 22902 | - | Debtor |

And electronically transmitted to:

| | | |
|---|---|---|
| Melvin A. Burruss<br>Miller Law Group, P.C.<br>1160 Pepsi Place, Suite 341, Jordan Building<br>Charlottesville, VA 22901 | - | Counsel for Debtor |
| Herbert L. Beskin<br>PO Box 2103<br>Charlottesville, VA 22902 | - | Chapter 13 Trustee |

          /s/Richard A. Lash
            Richard A. Lash